ZENÓN PÉREZ, Plaintiff and Appellee, *v.* ANTONIO MARTÍNEZ, Defendant and Appellant.

No. 5119.   Argued February 17, 1930.—Decided March 11, 1930.*

*Fernando B. Fornaris,* for appellant.   *E. Martínez Avilés,* for appellee.

---

\* NOTE: On May 5, 1930, the judgment of dismissal was set aside and the appeal reinstated, and on June 2, 1930, the appeal was set for hearing on November 18, 1930.

Mr. Justice Texidor delivered the opinion of the court.

We are asked to dismiss this appeal on the ground that it is frivolous.

We have examined the evidence in the case and, for the purposes of our decision, we think it useful to transcribe below the conclusions to which the lower court arrived in support of its judgment:

"In view of the evidence introduced the court holds the following as proved: That on the afternoon of May 4, 1928, while Marcelino Pérez and Julio Vélez, minors, were sitting on the parapet of a culvert on the road from Camuy to Quebradillas, Nicolás Franco, a cart-man, passed by leading an ox-cart and the said minors asked him permisison to get on the cart in order to carry two tin cans of water, to which Franco agreed; that the said Pérez and Vélez climbed on the rear platform of the cart and sat with their legs hanging on the out-side; that Marcelino Pérez occupied the left side of the cart near a wire fence and nearest to the edge of the road; that the cart proceeded on the right-hand side of the road with one of its wheels on the worked part of the highway and the other wheel on the foot path thereof; that upon nearing a settlement (*caserío*) called Maracayo, at a place where there is a slight grade, the motor bus of the de-fendant, driven at an excessive rate of speed, approached from be-hind in the same direction in which the ox-cart moved; that when Marcelino Pérez observed the speed of the motor bus, he cried 'Oh! they break our legs' and thereupon he jumped towards the foot path on the road, that is, on the nearest side, and at that instance the bus struck him and he received a blow on the left frontal side of the head, in consequence of which he was violently thrown upon the pavement of the road on that part nearest the edge and instantly killed; that the driver of the bus quickly deviated the vehicle towards the left for a distance of a hectometer, and in doing so, the right-hand front part of the vehicle scratched the end of the axle corre-sponding to the left-hand wheel of the ox-cart; that the body of the child was not dragged by the bus, but remained in the same place where he was killed; that the ox-cart stopped at a distance from two or three yards beyond the place where the said child lay, one yard more or less from the ditch.

"The attorney for the defendant most ably examined the eye-witnesses to the accident, but in spite of his efforts the facts which

we have stated above came out in relief, clearly arising from the evidence.

"The witnesses for the defendant attempted to establish facts which would throw the blame for the occurrence upon Marcelino Pérez, but José Cruz, on cross-examination, stated 'I heard the blow, I did not see it; when they cried out 'he killed him', I looked and saw him then'; Benigno Ruiz similarly testified 'I heard the crash', and Julián Morell testified that he was riding on the rear foot board of the bus and heard a clash, and he concluded by saying 'I did not see when he was hit, I know it by calculation.' Such a testimony can not in our judgment overcome the definite and clear statement of the facts made by the eyewitness Julio Vélez who accompanied Marcelino Pérez, and corroborated by Nicolás Franco and Luciano Morales."

The above findings are in accord with the evidence properly considered.

In reality, the appeal is based, according to the brief, on the ground that the trial court erred in weighing the evidence which is said to be contrary to law. This court has held in numerous cases that where it is not shown that there was manifest error in the weighing of the evidence or that the trial court was influenced by passion, prejudice or partiality, the conclusions reached from such evidence by the lower court will not be disturbed on appeal. *Alvarez* v. *National Fire Ins. Co.*, 39 P.R.R. 611; *Rivera* v. *Torres*, 39 P.R.R. 376; *Fuentes* v. *Ganetty*, 39 P.R.R. 160; *People* v. *Barreto*, 39 P.R.R. 34; *Largé & Acevedo* v. *Iturregui*, 38 P.R.R. 459, and *People* v. *Gerardino*, 37 P.R.R. 189.

It is evident that the present case is covered by the doctrine laid down in the decisions just cited and other similar cases.

The appeal, therefore, is frivolous and should be dismissed.

Mr. Justice Wolf and Mr. Justice Aldrey dissented.